SAMUEL T. MORTON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Where a defendant is on trial for carrying concealed weapons, evi-dence as to his motive in placing the pistol in his pocket is inadmissi-ble. (R.)

2. It was not error in the Court to charge "that the question for the jury to determine upon the evidence was, whether the defendant had or carried about his person a pistol, not being a horseman's pistol, and not being had or carried about his person in an open manner, and fully exposed to view, that if he so had, as charged in the indictment, the time that he so had it was not important; if he for any length of time, however short, for a moment so had it contrary to law, he was guilty of the offense, otherwise not." (R.)

Criminal law. Concealed weapons. Opinion of witness. Before Judge HARRELL. Miller Superior Court. April Term, 1872.

Morton *vs.* The State of Georgia.

Samuel T. Morton was placed on trial for the offense of carrying "about his person a pistol and not in an open manner and freely exposed to view, (said pistol not being a horseman's pistol.") The defendant pleaded not guilty.

The only witness sworn was F. M. Platt, who testified substantially as follows: That he saw defendant going across the public square in Colquitt, in said county, with a small-sized repeater pistol in his hand, firing the same off; that witness, as marshal of said town, followed to arrest him; that when he came up to him, defendant put the pistol in his pantaloons pocket so that it could not be seen; that defendant only kept the pistol in his pocket a half minute or a minute, but while it was so kept it was entirely concealed from view; that witness thinks defendant put the pistol in his pocket to keep witness from taking it; that afterwards defendant took the pistol out, and squatting down, unlatched the barrel and started to take the cylinder out, when witness seized the pistol and took it away from him.

The defendant's counsel asked the witness "what was the reason that defendant put the pistol in his pocket?" Upon objection, the Court refused to allow said question to be asked.

The jury found the defendant guilty; whereupon, he moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in rejecting the evidence showing the motive of defendant in placing the pistol in his pocket.

2d. Because the Court erred in charging the jury as follows: "That the only question for the jury to decide was whether the defendant had for one moment on his person a pistol, not in an open manner and fully exposed to view, the same not being a horseman's pistol, and if they should find in the affirmative, they should find the defendant guilty," thereby leading the jury to believe that they could not consider the intention of the party defendant.

3d. Because the verdict is contrary to evidence and the weight of evidence.

The presiding Judge attached the following note to the second ground:

"The Court charged that the question for the jury to determine upon the evidence was whether the defendant had or carried about his person a pistol, not being a horseman's pistol, and not being had or carried about his person in an open manner and fully exposed to view; that if he so had, as charged in the indictment, the time that he so had it was not important, if he for any length of time, however short, for a moment so had it contrary to law, he was guilty of the offense, otherwise not."

The Court overruled the motion for a new trial and plaintiff in error excepted.

W. P. SIMS; JOHN E. DONALDSON; H. C. SHEFFIELD; ISAAC BUSH; H. FIELDER, for plaintiff in error.

J. S. FLEWELLEN, Solicitor General, represented by B. S. WORRILL, for the State.

WARNER, Chief Justice.

The defendant was indicted for a misdemeanor in having and carrying about his person a pistol concealed, in violation of the 4454th section of the Code. On the trial of the case the jury found defendant guilty. A motion was made for a new trial on the several grounds specified in the record, which was overruled by the Court and defendant excepted. There was no error in the refusal of the Court to allow the witness to testify as to the *motive* of the defendant, in putting his pistol in his pocket. The witness could legally only testify as to *facts*, and it was a question for the jury to determine what were the motives of the defendant, from the facts proved by the witness. In view of the evidence disclosed in the record, there was no error in the charge of the Court to the jury. In our judgment there is sufficient evidence in the record to sustain the verdict, and the motion for a new trial was properly overruled. The practice of carrying concealed weapons

is a great evil, which the law prohibits, and the Courts and juries should rigidly enforce the law against all who violate it.

Let the judgment of the Court below be affirmed.